## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

RAYMOND KIMBRIEL                                                                                   PLAINTIFF

V.                                                                           CAUSE NO. 4:14-CV-26-SA-JMV

CITY OF GREENVILLE, MISSISSIPPI, et al.                                                   DEFENDANTS

## **MEMORANDUM OPINION**

Plaintiff Raymond Kimbriel initiated this action against the City of Greenville, Mississippi and Officer Adrian Smith, alleging federal causes of action pursuant to Section 1983 and Section 1985, as well as state law causes pursuant to the Mississippi Tort Claims Act ("MTCA"). Defendants have filed a Motion for Summary Judgment [23]. After reviewing the motion, responses, rules and authorities, the Court finds as follows:

*Factual and Procedural Background*

One evening in February 2013, Plaintiff was pulled over by City of Greenville Police Officer, Adrian Smith, for weaving "a little bit." When asked whether he had been drinking, Plaintiff eventually responded in the affirmative, prompting Officer Smith to perform a field sobriety test on Plaintiff by having him walk in a straight line on the side of the road.

According to Plaintiff, Officer Smith stated, "you're kind of walking that a little shaky there," to which Plaintiff responded, "I'm 60 years old. I couldn't walk that in the broad daylight." Plaintiff further testified that he said "the only reason you stopped me was the Sunflower County tag[,]" and that Officer Smith responded, "[o]h, I was going to let you go. Put your hands behind your back." Plaintiff was then handcuffed, placed in the back of Officer Smith's patrol vehicle, and transported to the Greenville Police Department.

Upon arrival at the Greenville Police Department, Plaintiff consented to a breathalyzer test, performed by Officer Lloyd Hoover, and twice recorded a blood alcohol content of .02, which is one fourth the legal limit for drivers in Mississippi. *See* MISS. CODE ANN. § 63-11-30(a). Nonetheless, Officer Smith insisted that Plaintiff should be charged with Driving Under the Influence ("DUI"). Smith then transported Plaintiff to the Washington County Jail where he was booked on the DUI charge, as well as a charge of Careless Driving. Plaintiff was released on bond the next morning. Over two months later, Plaintiff appeared in Greenville Municipal Court where the DUI charge against him was dismissed in exchange for Plaintiff pleading guilty to the Careless Driving charge. Plaintiff does not contest the legitimacy of the Careless Driving conviction.

Plaintiff subsequently initiated this suit, alleging federal causes of action under the Fourth Amendment of false arrest and false imprisonment pursuant to 42 U.S.C. Section 1983, as well as conspiracy to violate his Fourth Amendment rights pursuant to 42 U.S.C. Section 1985. Plaintiff has conceded the Section 1985 claim, and it is accordingly dismissed. Plaintiff also alleges Mississippi state law claims of malicious prosecution, assault, battery, false imprisonment, defamation, intentional infliction of emotional distress, negligent hiring, negligent supervision, and negligent training.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals no genuine dispute regarding any material fact and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "set forth 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Importantly, conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075.

*Discussion and Analysis*

<u>Section 1983</u>

As a condition to recovery on his Section 1983 claims of false arrest and false imprisonment against Officer Smith and the City of Greenville, Plaintiff must demonstrate that his arrest and detention were made without probable cause in violation of the Fourth Amendment to the Constitution. *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001); *see also Simon v. Dixon*, 141 F. App'x 305, 306 (5th Cir. 2005). Probable cause exists "when the totality of the facts and circumstances within [an official's] knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense."

3

*Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004) (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001)).

As stated above, Plaintiff was arrested for and charged with both Careless Driving and DUI. Defendants argue that as long as Officer Smith possessed reasonable grounds to arrest Plaintiff for Careless Driving, then Plaintiff's false arrest and false imprisonment claims must fail even if Officer Smith did not have reasonable grounds to arrest Plaintiff for DUI. In accord with Defendant's position, the Fifth Circuit has held that probable cause to make an arrest for even one of the charges at issue provides probable cause for the entire arrest. *Cormier v. Lafayette City-Parish Consol. Gov't*, 493 F. App'x 578, 583-84 (5th Cir. 2012) (quoting *Wells v. Bonner*, 45 F.3d 90, 94-96 (5th Cir. 1995)).

Plaintiff counters that, on the facts of this case, he was not actually arrested for Careless Driving. He highlights the fact that he was only placed under arrest after Officer Smith performed the field sobriety test. Moreover, Plaintiff contends that Officer Smith's testimony, in which she admits that she has never arrested anyone simply for Careless Driving, supports his allegation. The United States Supreme Court has explained, however, that an officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Devenpeck v. Alford*, 543 U.S. 146, 153, 125 S. Ct. 588, 160 L. Ed. 2d 537 (2004). Rather, "the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." Id., 125 S. Ct. 588 (quoting *Whren v. United States*, 517 U.S. 806, 812-13, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996)). Thus here, even if Officer Smith did not, subjectively, choose to arrest

Plaintiff on the Careless Driving charge, a finding of probable cause as to that charge is nonetheless sufficient to render Plaintiff's arrest lawful. *See id.*, 125 S. Ct. 588.

Plaintiff does not argue that Officer Smith lacked reasonable grounds to believe he committed the crime of Careless Driving. Indeed, such an argument would be foreclosed by the doctrine enunciated in *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), under which a plaintiff is generally precluded from maintaining a cause of action under Section 1983 that would call into question the lawfulness of a criminal conviction. *See Wells*, 45 F.3d at 95. Moreover, it is undisputed that Officer Smith witnessed Plaintiff's car weaving, and Plaintiff was convicted on the Careless Driving charge. Thus, the Court finds that Plaintiff has failed to demonstrate Officer Smith lacked probable cause to effect his arrest, such that Plaintiff's claims of false arrest and false imprisonment must be dismissed.

### MTCA

The Court, having dismissed the federal claims, is left only with claims arising under the MTCA and involving non-diverse parties. Pursuant to 28 U.S.C. Section 1367(c), the Court is afforded discretion to decline supplemental jurisdiction over such state law claims that do not impart the Court with original jurisdiction. The Fifth Circuit has set forth a series of statutory and common law factors to apply when deciding whether to exercise supplemental jurisdiction. *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011).

The Court first considers the statutory factors, which are: "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Id.* (citing 28 U.S.C. § 1367(c)). Here, the Court is presented with difficult state law issues under the

MTCA, such as whether Officer Smith's conduct occurred within the course and scope of her employment, *see* MISS. CODE ANN. § 11-46-7(2), whether she exercised "reckless disregard," *see* MISS. CODE ANN. § 11-46-9(c), and whether a jury could find in Plaintiff's favor on the merits of the several causes of action asserted. Thus, the first statutory factor militates against supplemental jurisdiction. The second and third factors also weigh against jurisdiction here because the federal claims have been dismissed, leaving the state claims to predominate. *Enochs*, 641 F.3d at 159 (finding that "state law claims predominate over the non-existent federal claims"). As to the fourth factor, the Court finds no exceptional circumstances or other compelling reasons for declining jurisdiction.

The Court additionally considers the four common law factors: "judicial economy, convenience, fairness, and comity." *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 720 (1988)). As to the judicial economy factor, the Fifth Circuit has held that district courts should not decline jurisdiction if a "significant amount of judicial resources" have already been expended. *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602, 603 (5th Cir. 2009). The Court finds that significant judicial resources have not been expended here. The only motions filed in the case are the pending motion for summary judgment and motions for extension of deadlines. Additionally, the parties can easily reuse their existing work product if the state law claims are filed in state court. *See Guzzino v. Felterman*, 191 F.3d 588, 594-95 (5th Cir. 1999) (affirming the decision to decline jurisdiction when the "trial court noted the work performed in federal court would still be available in state court"). As for convenience, according to the complaint, the relevant events took place in Greenville, Mississippi, Defendants can be located in Greenville, and Plaintiff resides in Indianola, Mississippi. Both Greenville and Indianola are more than 140 miles from the courthouse in

Aberdeen, Mississippi, where this suit is currently set for trial. There are state court venues much closer to Greenville and Indianola that, if selected, could provide for a more convenient venue. *See Enochs*, 641 F.3d at 160 (finding it "more convenient" for the case to be heard in a Texas county's state court "where all of the parties, witnesses, and evidence were located.") As to the third common law factor, the Fifth Circuit has held it to be "fair" for state claims to be resolved in state court, as would be the case here if the claims are dismissed and subsequently refiled. *Id.* And finally, because only state law disputes remain, the "important interests of federalism and comity" also favor remand, *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 588 (5th Cir. 1992), especially given that defendants are a state political subdivision and its official. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984) (In the Eleventh Amendment context, stating that "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."). Thus, the Court finds that the common law factors, like the statutory factors, overwhelmingly disfavor the exercise of supplemental jurisdiction in this case.

In accordance with these factors, the Fifth Circuit has explained that when, as here, the federal claims are dismissed, leaving only a state law dispute between non-diverse parties, the Court generally *should* decline jurisdiction. *Enochs*, 641 F.3d at 161; *James v. Gonzalez*, 348 F. App'x 957, 960 (5th Cir. 2009) (collecting cases); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) (explaining that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"). For these reasons, the Court exercises its discretion under Section 1367(c) and declines supplemental jurisdiction over the remaining state law claims.

*Conclusion*

For the foregoing reasons, Defendants' Motion for Summary Judgment [27] is GRANTED IN PART and DENIED IN PART. The Court finds that Plaintiff has not shown a lack of probable cause for his arrest such that his Fourth Amendment claims are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over the remaining claims, which arise under state law and involve non-diverse parties. The state law claims are, therefore, dismissed without prejudice. A separate order to this effect shall issue this day. Case CLOSED.

SO ORDERED, this 12th day of June, 2015.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**